UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SUSAN ALLAIN | CIVIL ACTION NO. 13-2754 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM D/B/A UNIVERSITY OF LOUISIANA AT MONROE | MAG. JUDGE KAREN L. HAYES |

### RULING

This is an employment discrimination case in which Plaintiff Susan Allain ("Allain") asserts claims against the University of Louisiana System d/b/a University of Louisiana at Monroe ("ULM") under the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.* ("the ADEA") and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("the FMLA"). She also asserts a state law breach of employment contract claim.

Pending before the Court is ULM's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief can be Granted." [Doc. No. 39].

For the following reasons, the motion is GRANTED.

**I.    FACTS AND PROCEDURAL BACKGROUND**[1]

Allain was employed at KEDM 90.3 Public Radio ("KEDM") for approximately 16 years. ULM operates KEDM. From October 2010 through March 1, 2011, Allain was on FMLA-protected leave to have back surgery. Approximately six weeks after she returned, on April 15, 2011, Jeffrey

---

[1]Most of the underlying facts in this dispute are not relevant to the instant Motion to Dismiss and are adequately summarized in this Court's Ruling on ULM's "Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Motion for Summary Judgment." [Doc. No. 24].

Cass, Dean of the Colleges of Arts and Sciences, informed Allain that she was being terminated without cause. Immediately after Allain's termination, her responsibilities were assigned to Ashley Yeldell, a 26-year-old female. Ultimately, Allain's position was filled by Lila Strode, a 48-year-old female. KEDM also dismissed two other women over the age of 55 between 2009 and 2011, both of whom were replaced by younger individuals.

Allain initiated this action on September 27, 2013, asserting claims under Title VII, the ADEA, the ADA, the FMLA, and state contract law.

On September 8, 2014, ULM filed a motion to dismiss and, alternatively, for summary judgment. This Court partially granted the motion, dismissing Allain's Title VII and ADA claims, but finding issues of material fact that precluded summary judgment as to the ADEA claim, FMLA claim, and the state law claim. [Doc. No. 24-25].

The Court set trial on the remaining claims for November 4, 2015. On October 16, 2015, ULM filed the instant motion to dismiss. In the motion, ULM argues that the Eleventh Amendment bars suit against it based on the ADEA, FMLA, or state contract law. Allain filed an opposition. [Doc. No. 38]. ULM filed a reply. [Doc. No. 41].

**II.   LAW AND ANALYSIS**

Generally, the Eleventh Amendment bars all persons from suing a state for money damages in federal court. *See* U.S. CONST. AMEND. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or 'arm' of the State." *Vogt v. Board of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. Of California v. Doe*, 519 U.S. 425, 429 (1997). It is irrelevant

that ULM failed to raise this issue until the eve of trial; sovereign immunity bears on the Court's subject matter jurisdiction and can be raised at any time by the Court or parties. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n. 8 (5th Cir. 2002).

A.  **ULM as an "Arm" of the State.**

The first question, then, is whether Allain has sued an "arm" of the state entitled to immunity from suit. The Fifth Circuit has consistently held that the University of Louisiana System Board and the institutions under its control are "arms" of the state entitled to sovereign immunity. *See Strong v. Grambling State Univ.*, 2015 WL 1401335, No. 13-00808, at *4 (W.D. La. Mar. 25, 2015) ("Based on controlling precedent, the court finds that Grambling and the UL System Board are arms of the state and are thus entitled to sovereign immunity.").

Here, Allain argues that her suit is actually against public radio station KEDM, a quasi-separate entity of ULM that does not rely on the general funds of the University nor the general tax revenue of the State of Louisiana. In effect, Allain argues, this is a suit against a local governmental agency as opposed to a state agency.

However, Allain's Complaint named the University of Louisiana System Board of Supervisors d/b/a University of Louisiana at Monroe as Defendant. [Doc. No. 1]. Allain did not name KEDM as a defendant. ULM answered the complaint showing its proper name and status for purposes of litigation is the "University of Louisiana System, an agency of the State of Louisiana," noting that the Defendant was originally named incorrectly as the Louisiana Board of Supervisors. Allain did not challenge this status until she filed her opposition to the instant motion. Indeed, the parties have always treated ULM as the only Defendant in this action. Finally, Allain herself has referred to ULM as her employer through its radio station KEDM. *See* [Doc. No. 22] ("Susan Allain

was a long-term employee of the University of Louisiana at Monroe through its radio station KEDM").

Allain brought suit against ULM, an entity within the University of Louisiana System. Per Fifth Circuit precedent, ULM is an "arm" of the state and not subject to suit absent waiver or congressional abrogation. *See Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148, (5th Cir. 1991) (Finding the University of Louisiana Lafayette to be an "arm" of the state and immune from suit under the Eleventh Amendment).

B. **Abrogation and Waiver of Immunity as to the ADEA Claim**

The Court next turns to whether Congress has abrogated Louisiana's immunity with respect to claims brought against it under the ADEA or, if not, whether it has waived its right to claim sovereign immunity.

"Congress can single-handedly strip the states of their Eleventh Amendment immunity and thereby authorize federal court suit by individuals against the states. When Congress does this, it is exercising its power to abrogate Eleventh Amendment immunity." *Pace v. Bogalusa City School Board*, 403 F.3d 272, 277 (5th Cir. 2005).

It is now well settled that the ADEA does not abrogate sovereign immunity. *See Raj v. Louisiana State University*, 714 F.3d 322, 325 (5th Cir. 2013) (Holding the Eleventh Amendment barred plaintiff's claims under the ADEA against LSU, LSU Health, and the LSU Board.). Allain does not challenge Fifth Circuit precedent or contend that Louisiana has waived the defense with respect to the ADEA claim. Thus, ULM is immune from suit under the ADEA.

C. **Abrogation and Waiver of Immunity as to the FMLA Claim**

The crux of Allain's defense centers on the FMLA claim. Although somewhat unclear, it

appears Allain argues that Congress has abrogated the states' sovereign immunity with respect to the FMLA claim at issue in this case. Alternatively, she contends that the State has waived immunity.

In pertinent part, the FMLA guarantees eligible employees twelve workweeks of leave during any twelve month period for the following reasons:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Became of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1).

In *Nev. Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 740 (2003), the Supreme Court held that Congress abrogated the states' sovereign immunity with respect to subsection C of the FMLA–the family-care provision. However, the Fifth Circuit has routinely held that self-care claims under subsection D, when brought against the state, are still immunized by the Eleventh Amendment. *Bryant v. Tex. Dep't. of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) ("Congress has validly abrogated states' sovereign immunity with respect to the FMLA's family-care provision. It has not done so with respect to the statute's self-care provision; thus states may still assert an Eleventh Amendment immunity defense against claims based on that provision").

Here, Allain claims the University of Louisiana System retaliated against her because of the leave she took pursuant to subsection D of the FMLA. As noted, the Fifth Circuit has held that Congress did not intend to abrogate sovereign immunity with respect to self-care claims. Thus,

5

Congress has not abrogated Louisiana's sovereign immunity with respect to Allain's FMLA claim.

However, Allain may proceed with her FMLA claim if, as she contends, Louisiana has waived its immunity defense with respect to the FMLA claim because "[e]very single state institution has adopted the FMLA as a benefit to its employees." [Doc. No. 38, p.3].

That a state can waive immunity from suit seems inherently inconsistent with the notion that sovereign immunity is cut from a jurisdictional cloth. Still, it is firmly established that "if a state waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). A state may waive sovereign immunity by voluntarily invoking federal jurisdiction; for example, courts have held that a state's removal of a case to federal court establishes a waiver of sovereign immunity. *See Meyers ex rel. Benzing v. Tex.* 410 F.3d 236, 242 (5th Cir. 2005). Courts have also held a state waives immunity by intervening in a federal court suit. *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 620 (2002).

In order to be effective, however, a Government's waiver of sovereign immunity must be "unequivocally expressed." *See Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 95 (1990) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and *United States v. King*, 395 U.S. 1, 4 (1969)). The Supreme Court has explained, "[i]n deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Edelman v. Jordon*, 415 U.S. 651, 673 (1974).

ULM has not "unequivocally expressed" a waiver of sovereign immunity here. Other courts within this circuit have held that adopting the FMLA as a benefit to employees does not amount to

6

a waiver from suit. *See Swanson v. Railroad Com'n of Tex.*, 2011 WL 2039601, 11-80 *at 6 (S.D. Tex. May 24, 2011). In *Swanson*, a plaintiff argued that Texas waived its sovereign immunity defense to a retaliation claim under the FMLA by enacting state statutes embracing the FMLA and "voluntarily encouraging the plaintiff to participate in the FMLA by policies and procedures." The Court held that Texas' actions did not establish an unfaltering intent to waive sovereign immunity:

> The Supreme Court has explained, "[i]n deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordon*, 415 U.S. 651, 673 (1974). Here, Plaintiff relies upon state law which entitles state employees to leave under the FMLA. (D.E. 12 at 4 (citing Tex. Gov't Code § 661.912).) This does not constitute a waiver of sovereign immunity. Rather, Texas is merely recognizing employee's rights under federal law to take FMLA leave."

*Swanson*, 2011 WL 2039601 at *6.

Likewise, in the instant case, a state institution's adoption of the FMLA as a benefit to its employees does not demonstrate that Louisiana intends to waive its immunity from suit under subsection D of the statute. Therefore, ULM is immune from Allain's suit under subsection D of the FMLA.

### D. State Law Claim

Finally, the Court also lacks jurisdiction over Allain's state law breach of contract claims. The Supreme Court in *Pennhurst State School and Hospital v. Halderman* held that sovereign immunity barred federal courts from hearing state law claims brought in federal court against state entities. 465 U.S. 89, 117 (1984). Because Allain has brought her claims against a state agency, and because "Louisiana has not waived its sovereign immunity for suits brought in federal court," the Eleventh Amendment also bars the state law claims. *See Raj,* 714 F.3d at 329 (quoting *Richardson,*

118 F.3d at 453 (citing LA.. REV. STAT. ANN. § 13:5106(A)(2010)).

Allain now argues that ULM stipulated to this Court's jurisdiction over the state law claims, and, thus, this Court should retain jurisdiction. However, there is nothing in the record to indicate that ULM unequivocally waived the sovereign immunity defense with respect to the state law claims. ULM did not remove this case to federal court, nor did it assert any claims in federal court. ULM did litigate this matter in federal court, but this does not amount to a waiver of sovereign immunity; indeed, the Fifth Circuit has held that a state does not waive sovereign immunity by raising the issue for the first time on appeal after litigating the action on the merits in district court. *Union Pacific R. Co v. La. Public Service Com'n*, 662 F.3d 336, 341 (5th Cir. 2011). (Finding no waiver of sovereign immunity through litigation conduct when state raised issue for first time on appeal because the state "never chose to litigate this suit in federal forum."). Therefore, ULM's litigation conduct in the case at hand does not amount to a waiver of sovereign immunity as to her state contract law claim either.

**III.   CONCLUSION**

Allain's position merits sympathy. Her original action included claims under the ADA and Title VII that this Court dismissed. The Supreme Court has held that Congress abrogated state sovereign immunity with respect to at least some violations of the ADA. *United States v. Georgia*, 546 U.S. 151, 159 (2006). At the time Allain filed this case, not all claims were barred. Further, this case was filed almost simultaneously with the Fifth Circuit's decision in *Raj*, which held that Louisiana public schools and their boards of supervisors are "arms" of the state for Eleventh Amendment Purposes and not subject to suit under the ADEA absent consent.

However, Allain has sued ULM, an entity controlled by the University of Louisiana System and an "arm" of the state. Fifth Circuit precedent requires this case to be dismissed absent waiver

or abrogation of sovereign immunity. There has been no waiver here, nor has Congress abrogated the states' sovereign immunity under the statutes at issue in this case.

The Court finds that Allain's claims against ULM under the ADEA, FMLA, and state law should be DISMISSED WITHOUT PREJUDICE.[2]

MONROE, LOUISIANA, this 29th day of October, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion as to whether Allain may proceed with her lawsuit in state court.